NO. 07-07-0265-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 15, 2008
_____

JUSTIN CURTIS OEHLERT,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 15547-C; HON. ANA ESTEVEZ, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.

Justin Curtis Oehlert was convicted of aggravated robbery and sentenced to twelve years confinement and a $10,000 fine. He contends that conviction should be overturned because the evidence is legally and factually insufficient to show that he had reached an agreement to act with another for a common purpose or that he acted with intent to promote or assist in the commission of the offense. We affirm the judgment.

*Standard of Review*

The standards by which we review the legal and factual sufficiency of the evidence are well established. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006) for an explanation of them.

*Application of Standard*

On October 5, 2003, a man (James Percy Hensley) entered the patio area and then the rear door of Applebee's Restaurant on Soncy Road in Amarillo after closing time and by use of a gun forced the manager to give him three Amarillo National Bank bags containing money. He exited the restaurant and ran to the passenger side of a white S-10 pickup truck parked next to a nearby McDonald's restaurant. Approximately twenty minutes later, a similar pickup truck was seen by police officers about seven blocks away. When the vehicle was stopped, Hensley, the passenger, fled the vehicle. He was later apprehended with two of the money bags. The third money bag was found by appellant.

Appellant contended at trial that he had borrowed a truck from a friend and when he made a stop, Hensley entered it with a gun and forced him to drive to the restaurant. Why appellant did not leave while Hensley left to commit the robbery went unexplained. Moreover, Hensley informed an officer that it was appellant who made him commit the offense to pay a drug debt. Irrespective of who forced who to act, other evidence illustrated that 1) appellant had previously been a cook for Applebee's Restaurant and was known to fellow employees as "Weiner," 2) the employees knew that after closing, the locked back door was often propped open to allow trash to be removed from the

2

restaurant, 3) the employees knew that the patio door was often broken, 4) another employee at the restaurant had met both appellant and Hensley at the home of a different restaurant employee although not necessarily at the same time, and 5) Hensley referred to appellant by his nickname "Weiner."

The jury was instructed it could find appellant guilty if it believed he acted as a party to the robbery. *See* TEX. PEN. CODE ANN. §7.02(a)(2) (Vernon 2003) (one acts as a party when, with intent to promote or assist the commission of the offense, he solicited, encouraged, directed, aided, or attempted to aid in committing the offense). The foregoing litany of evidence was enough to permit a rational jury to reasonably conclude, beyond reasonable doubt, that appellant aided Hensley with the intent to promote or assist in the robbery. And that the stories of Hensley and appellant differed did little more than create fact disputes and credibility issues for the jury to resolve. *Heiselbetz v. State,* 906 S.W.2d 500, 504 (Tex. Crim. App. 1995). Moreover, the evidence indicative of guilt was not so weak or minuscule to undermine our confidence in the verdict. So, we conclude that the verdict was supported by both legally and factually sufficient evidence.

The judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.


3